COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

 

NUMBER 13-05-765-CV

 

MARY LOUISE WATKINS,
M.D.,                                 Appellant,

 

                                           v.

 

GARY
JONES,                                                          Appellee.

 

 

 

                  On appeal from the 197th
District Court

                          of Cameron
County, Texas.

 

 

 

NUMBER
13-06-080-CV

 

IN
RE:  MARY LOUISE WATKINS, M.D.

 

 

 

On
Petition for Writ of Mandamus

 

 

 

DISSENTING
OPINION 

 








Before
Chief Justice Valdez and Justices Rodriguez and Castillo

Dissenting
Opinion by Justice Castillo

 

In this case, the
trial court granted an oral request on behalf of real-party-in-interest Gary
Jones for an extension of time to file an expert report.  Relator Mary Louise Watkins asserts that the
trial court's order granting the request violates section 74.351(c) of the
Texas civil practice and remedies code.  Tex. Civ. Prac. & Rem. Code Ann. _74.351(c) (Vernon
Supp. 2005).  Because the majority and I
diverge as to what constitutes an "expert report," I respectfully
dissent.

I.  Procedural History[1]








By his live pleading
filed on February 10, 2005, Jones alleged a health care liability claim.  On April 18, 2005, he proffered an
"expert report" from his treating physician, without a curriculum
vitae, summarizing the evaluation, diagnosis, and treatment.  On April 12, 2005, Watkins filed objections
asserting that it did not comply with statutory requirements because it did not
contain the applicable standard of care, a breach of any standard of care, and
a causal link between an alleged breach and the complained-of injuries.  On June 23, 2005, Watkins filed a motion to
dismiss  based on the same grounds urged
in her objections.  Watkins asserted that
Jones had not filed an "expert report" and more than 120 days had
passed.  The trial court convened a
hearing on Watkins's motion on September 21, 2005 and, after viewing the
document, stated "it does not meet the standard."  Jones argued that the report submitted was
adequate but stated he was willing to amend it. 
The trial court granted Jones thirty days to file a compliant
report.  The trial court ruled:

I'm going to give you
30 days.  If you don't have that report,
I am going to grant his dismissal.  It
needs to be in compliance with the statute because I agree with [Watkins' counsel]
that all that is [sic]  saying is
reciting when she went to the doctor, what the doctor did, then she got laser
treatment, and then her vision improved, but, you know, it wasn't back to where
it was.  It's just a narrative.  It's not an expert's report as to the
standard of care as required by the statute at all, not even close.  

 

On November 29, 2005,
the trial court entered an order denying Watkins' motion to dismiss.  This combined original proceeding and appeal
ensued.

II.  The Law

A.  Requirements of an Expert Report

Jones's medical
malpractice suit fell squarely within the purview of the Medical Liability and
Insurance Improvement Act of Texas, which applies to all healthcare liability
claims brought in Texas.  Tex. Rev. Civ. Stat. Ann. __74.001- 74.507 (Vernon
2005).  The statute has specific
procedural requirements, including one requiring the parties to timely serve an
expert report with the expert's curriculum vitae to the opposing party.  See id. _74.351(a).  "Expert report" means:

a written report by an
expert that provides a fair summary of the expert's opinions as of the date of
the report regarding applicable standards of care, the manner in which the care
rendered by the physician or health care provider failed to meet the standards,
and the causal relationship between that failure and the injury, harm, or
damages claimed.

 








Id. _74.351(r)(6).[2]  An "expert" is a person, among
others, giving opinion testimony in any health care liability claim regarding
whether a physician departed from accepted standards of medical care or about
the causal relationship between the injury, harm, or damages claimed and the
alleged departure from that standard.  See
Tex. Rev. Civ. Stat. Ann. _74.351(r)(5)(A),
(C).  The expert report must represent a
good faith effort to provide a fair summary of the expert's opinions.  Am. Transitional Care Ctrs. of Tex., Inc.
v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001).  The report must include each of the statutory
elements including standard of care, breach of that standard, and
causation.  Id._74.351(r)(6).  A court shall grant a motion challenging the
adequacy of an expert report only if it appears to the court, after hearing,
that the report does not represent an objective good faith effort to comply
with the definition of an expert report in subsection.  Tex.
Rev. Civ. Stat. Ann. _74.351 (l).  A report does not constitute a good faith
effort to comply with the statutory requirements if it omits any of the
statutory elements.  Palacios, 46
S.W.3d at 879.  The deadline for serving
the report is not later than the 120th day after the date the original petition
was filed.  Id. _74.351(a).  

B.  Extension of Time for Filing the Expert
Report








The statute also
contains a specific provision regarding a thirty-day extension.  The section provides in part that, if an
expert report has not been served within the period specified by subsection (a)
because elements of the report are found deficient, the court may grant one
30-day extension to the claimant in order to cure the deficiency.  See id. _74.351(c).  Subject to subsection c, the trial court on
proper motion shall dismiss the claim if an expert report has not been served
within the statutory period.  Id. _74.351(b).  

III.  Discussion

Respectfully, I
disagree that the trial court implicitly determined that the report was a good
faith effort to comply with statutory requirements.[3]  The trial court expressly found that the
report was a narrative.  That express
finding is correct because Jones served a narrative and not an expert report as
that term is statutorily defined, id._74.351(r)(6).  The narrative did not contain any of the
statutory elements and, thus, does not constitute a good faith effort to comply
with the statutory requirements.  See
Palacios, 46 S.W.3d at 879.  Thus,
the trial court correctly found that the document Jones served was a narrative
and not an expert report.  See Tex. Rev. Civ. Stat. Ann. _74.351(r)(6).  








Because the narrative
omitted the statutory elements and was not a good faith effort to comply, the
next inquiry is whether the trial court had discretion to grant an
extension.  Section 74.351(l) states that
the trial court shall grant a motion challenging a report that does not
represent an objective good faith effort to comply with the statutory
definition of an expert report.  Rev. Civ. Stat. Ann. _74.351(l).  Respectfully, I conclude that in this case,
the medical narrative was not an objective good faith effort to comply with the
statute.  Thus, on proper motion to
dismiss, the trial court had no discretion but to dismiss.  See id. _74.351(l); Downer
v. Aquamarine, 701 S.W.2d 238, 241‑42 (Tex. 1985) (holding that, in
reviewing a trial court decision under an abuse of discretion standard, we must
determine whether the trial court acted without reference to any guiding rules
or principles).  I further conclude that
the trial court abused its discretion by granting an extension under section
74.351(c).   

By its plain terms,
section 74.351(c) authorizes an extension (1) where elements of the report are
found deficient, and (2) to cure the deficiency.  See Tex.Civ.
Prac. & Rem. Code Ann. _74.351(c).  Jones filed a medical narrative rather than
an expert report with a curriculum vitae. 
Absent an expert report, there is no deficiency to cure.  Respectfully, I conclude that the trial court
abused its discretion in granting an extension to cure a deficiency in a expert
report that did not exist.  See id.  _74.351(b), (c);  Downer, 701 S.W.2d at 241‑42.  

IV.  Conclusion

Because I conclude
that the statute does not authorize curing a deficiency in a medical narrative,
which is not an expert report, I conclude that the trial court abused its
discretion in denying Watkins's motion to dismiss.  Thus, I respectfully dissent.  

 

ERRLINDA CASTILLO

Justice

 

Dissenting Opinion delivered and filed

this the 4th day of May, 2006.                     











[1]In a civil case, we accept as true
the facts stated unless another party contradicts them.  See Tex.
R. App. P. 38.1(f).  





[2]The Texas Legislature has stated
that words and phrases used in a statute should be read in context and
construed according to the rules of grammar and common usage.  Tex.
Gov't Code Ann. '311.011(a) (Vernon Supp. 2005). 





[3]The result of the majority's
holding is that a medical narrative without a curriculum vitae satisfies the
statutory definition of an expert report. 
See Tex. Rev. Civ. Stat.
Ann. '74.351(r)(6).  

Respectfully, I disagree.